IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| EMELINDA D. SUTHERLIN, | § § § § | |
| Plaintiff, | | |
| VS. | § § | Case No. 4:12CV434 |
| COUNTRYWIDE HOME LOANS, INC.; BANK OF AMERICA, NATIONAL ASSOCIATION, F/K/A BAC HOME LOANS SERVICING, LP F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP; THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS, INC., ASSETBACKEDCERTIFICATES SERIES 2007-6; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; MERSCORP, INC., NATIONAL DEFAULT EXCHANGE, LP; GREG BERTRAND, INDIVIDUALLY; AND STEPHEN C. PORTER, INDIVIDUALLY; AND TONI LYNN STEPHENS, INDIVIDUALLY; AND DOES 1-20, INCLUSIVELY, | § § § § § § § § § § § § § § § § § § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is Defendants Countrywide Home Loans, Inc. ("CHL"); Bank of America, N.A., successor by merger to BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, LP ("BAC"); The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders CWABS, Inc., Asset-Backed Certificates Series 2007-6 ("BNY Mellon"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and MERSCORP, Inc. (MERSCORP)'s Motion to Dismiss (Dkt. 8), National Default Exchange, LP, Stephen C. Porter and

Toni Lynn Stephens' Rule 12(b)(6) Motion to Dismiss (Dkt. 11), and Defendant Greg Bertrand's Motion to Dismiss (Dkt. 12). As set forth below, the Court finds that the motions should be GRANTED in part and that Plaintiff's claims here should be dismissed for want of prosecution.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On or about February 9, 2007, *pro se* Plaintiff Emelinda Sutherlin purchased a single family residence at 881 Saint James Court, Fairview, Texas 75069 ("the Property"). *See* Dkt. 7-1 at ¶ 23. Plaintiff purchased the Property by obtaining a mortgage note secured by a Deed of Trust for the Property in favor of Defendant Countrywide Home Loans as the lender and Defendant Recontrust Company as the Trustee. *Id.* According to Plaintiff, for months prior to May 4, 2010, she requested accountings and other information from the Defendants, was informed that she had been approved for the federal home loan modification program, and was assured that no foreclosure actions would occur until after she was given an opportunity to make application and be considered for a modification of the existing loans on the Property. *Id.* at ¶ 34. On or about May 4, 2010, a non-judicial foreclosure auction was conducted on the Property, and subsequently, on or about June 17, 2010, Defendants attempted to evict Plaintiff from the Property. *Id.* at ¶¶ 36-7.

On or about October 19, 2011, Plaintiff filed suit in the 366th Judicial District in Collin County, Texas. *See* Dkt. 4. On June 19, 2012, Plaintiff filed her First Amended Petition and Request for Disclosure in state court. *See* Dkt. 7-1 at 11. The case was removed to this Court on July 13, 2012. *See* Dkt. 1.

Plaintiff's amended complaint, filed prior to removal, asserts the following causes of action against Defendants: (1) slander of title and impairment of vendibility; (2) violation of §12.002 of the

Texas Civil Practice and Remedies Code; (3) negligent misrepresentation/grossly negligent misrepresentation; (4) negligent undertaking/ grossly negligent undertaking; (5) negligence *per se*/ gross negligence *per se*; (6) fraudulent misrepresentation; (7) invalidity of foreclosure sale for improper notice of acceleration/ invalidity of foreclosure sale by party without possession of the note; and (8) conspiracy. *See* Dkt. 7-1. Plaintiff also seeks a declaratory judgment, exemplary damages (alleging that Defendants acted with malice), and a temporary restraining order. *Id.*

Defendants have filed motions to dismiss, seeking to dismiss Plaintiff's claims.

First, Defendant Countrywide Home Loans, Inc. ("CHL"); Bank of America, N.A., successor by merger to BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, LP ("BAC"); The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders CWABS, Inc., Asset-Backed Certificates Series 2007-6 ("BNY Mellon"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and MERSCORP, Inc. (MERSCORP)'s Motion to Dismiss (Dkt. 8) argues: (1) Plaintiff's challenge to the 2007 appointments of Substitute Trustee are without merit and barred by the statute of limitations; (2) Plaintiff lacks standing to sue based on an alleged breach of pooling and servicing agreement or defect in the assignments; (3) Plaintiff's lack of ownership allegations are without merit; (4) Plaintiff's wrongful foreclosure claim fails because Plaintiff is still in possession of the Property; (5) Plaintiff also fails to state a claim under RESPA and fails to adequately allege a violation of federal securities law; and (6) Plaintiff's claim for violations of 192.007 of the Texas Local Government Code fails because the Texas Property Code and Deed of Trust do not require recordation of the documents in the deed records.

Next, National Default Exchange, LP , Stephen C. Porter and Toni Lynn Stephens' Rule 12(b)(6) Motion to Dismiss (Dkt. 11) argues that Plaintiff's complaint files to state a claim upon which relief may be granted because attorney defendants are immune from suit and Porter is not liable in his capacity as Assistant Secretary of MERS.

Finally, Defendant Greg Bertrand's Motion to Dismiss (Dkt. 12) argues Plaintiffs failed to timely file a verified response to Defendant Bertrand's verified denial, and therefore requests that the Court dismiss him from this lawsuit without prejudice.

## ANALYSIS

Defendants CHL, BAC, BNY Mellon, MERS and MERSCORP's motion was filed on July 20, 2012, and the other Defendants' motions to dismiss were filed on August 30, 2012. *See* Dkts. 8, 11 and 12. On July 27, 2012, the Court entered an order providing Plaintiff with an opportunity to amend her complaint to comport with federal pleading standards, if needed. *See* Dkt. 9. Also on July 27, 2012, the Court entered an order directing the parties to confer as required by Federal Rule of Civil Procedure 26(f) and to submit a Rule 26(f) report and proposed scheduling order by September 10, 2012. *See* Dkt. 10.

Plaintiff did not amend her complaint, and no Rule 26(f) report was submitted. Plaintiff also failed to file any responses to the motions to dismiss, failed to claim any of the Court's certified mail correspondence, and failed to take any action in the case whatsoever.

On October 1, 2012, the Court entered an order indicating that if Plaintiff failed to: (1) confirm her current mailing address with the Clerk of Court; (2) submit the parties' Rule 26(f) report; and (3) file her responses to the motions to dismiss on or before October 24, 2012, the Court

4

would assume that she was not opposed to the dismissal of her claims and would proceed accordingly. *See* Dkt. 16. The Court also cautioned Plaintiff that continued return of undeliverable or unaccepted correspondence from the Clerk of Court would also result in dismissal of her case.

More than a month after the Court's deadline, Plaintiff has failed to take any action, and her mail continues to go unclaimed. *See* Dkt. 17.

Having considered Plaintiff's failure to comply with the Court's orders, including her obligation to keep her contact information current and to retrieve all court correspondence, the Court finds that the matter should be dismissed for want of prosecution. *See* FED. R. CIV. P. 41(b).[1] *See* FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) ("A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order."). Plaintiff is simply not prosecuting any claims she may have.

## RECOMMENDATION

Therefore, Defendants Countrywide Home Loans, Inc., Bank of America, N.A., successor by merger to BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, LP, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders CWABS, Inc., Asset-Backed Certificates Series 2007-6, Mortgage Electronic Registration Systems, Inc., and MERSCORP, Inc.'s Motion to Dismiss (Dkt. 8), National Default Exchange, LP, Stephen C. Porter and Toni Lynn Stephens' Rule 12(b)(6) Motion to Dismiss (Dkt. 11), and Defendant Greg Bertrand's Motion to Dismiss (Dkt. 12) should be GRANTED in part and that case should be

---

[1] Without hearing from Plaintiff and given that she is without counsel, the Court finds that dismissal *with* prejudice for failure to state a claim, as some Defendants request, would be too draconian a recommendation under the record before the Court.

dismissed for want of prosecution.

Any pretrial deadlines are hereby ABATED pending the District Judge's consideration of this report and recommendations. Should the matter not be dismissed, the parties are directed to file an amended proposed scheduling order within thirty (30) days of the District Judge's disposition of the motions to dismiss.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 5th day of December, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE